FRANK T. KLEIGER, Respondent, *v.* MAURICE SIMMONS, as Property Clerk of the Police Department of the City of New York, Appellant.

Supreme Court, Appellate Term, Second Department, November 18, 1943.

*Ignatius M. Wilkinson, Corporation Counsel* (*Fred Iscol* of counsel), for appellant.

*Samuel W. Eskowitz* for respondent.

MEMORANDUM *Per Curiam.* Judgment and order unanimously reversed on the law, with ten dollars costs and taxable disbursements to defendant, and motion for summary judgment denied. The plaintiff made the record in the criminal case part of the motion papers below. That record contains admissions by the assignor at the time of his arrest as to his ownership of the gambling establishment and as to the daily intake thereof. The answering affidavit below alleged that the assignor denied that the money found on him was his. Such denial, taken with the admission of daily intake, the absence of claim that the intake was all disposed of, and the conviction of the assignor, requires a trial to pass on the assignor's credibility and to determine the source of the money found on him. (*Rader* v. *Simmons*, 290 N. Y. 449.) On the present record it cannot be said as matter of law that the plaintiff's claim is barred by the Statute of Limitations. The moving papers alleged that there was a levy made by the Collector of Internal Revenue. There is also a letter from the defendant stating that a request had been made by a special agent of the Internal Revenue Bureau for the retention of the funds and plaintiff was advised to communicate with that Bureau. If in fact a levy was made and the defendant held the money for the Collector of Internal Revenue, there was detention by virtue of a Federal statute

(U. S. Code [1934 ed.], tit. 28, § 747; tit. 26, §§ 1580, 1610, 1614). Consent to hold for the Collector is equivalent to a seizure by him under a levy. There is no necessity for a sale of money levied upon. (Civ. Prac. Act, § 686; U. S. Code [1934 ed.], tit. 28, § 504.) Section 24 of the Civil Practice Act excludes from the period of limitation the time during which an action cannot be commenced by reason of a statute. The answering affidavit did not deny there was a levy. If in fact only a notice of lien was served, plaintiff's action is barred by the Statute of Limitations. Upon affirmance by the Appellate Division of the conviction of the assignor, in the absence of intervening statutory stay of an action, the right to demand was complete.

MacCrate, McCooey and Steinbrink, JJ., concur.